IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STERLING CONLEY HURT, § § Plaintiff, § § V. § § MISSISSIPPI JOHN HURT § FOUNDATION, § § Defendant. § | No. 3:19-cv-1722-K-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sterling Conley Hurt, who resides in Denton, Texas, brings this *pro se* action against Defendant Mississippi John Hurt Foundation – the address of which, he states, is in Illinois – alleging fraud, falsification of documents, and money laundering. *See* Dkt. No. 3.

Hurt's action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

On July 22, 2019, the undersigned entered findings and conclusions recommending that the Court dismiss this action without prejudice under 28 U.S.C. § 1406(a) [Dkt. No. 6] (the "Initial FCR").

Hurt now moves to transfer his action to the Sherman Division of the Eastern District of Texas ("Sherman"). *See* Dkt. No. 7. The Court should deny this motion for the reasons stated below and in the Initial FCR and dismiss this action under Section

1406(a) for the reasons stated in the Initial FCR.

Hurt provides the Court no basis to transfer this action to Sherman. But, for the reasons explained in the Initial FCR, venue is not proper in this division and this district, so a transfer under 28 U.S.C. § 1404(a) is not proper. And, while Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," 28 U.S.C. § 1406(a), Hurt fails to show – either in his motion or in his complaint – that this case "could have been brought" in Sherman.

As he alleges in the complaint,

> I want to file a civil suit against the Mississippi John Hurt Foundation. The address to the foundation is 520 Milton LN Hoffman estate, Chicago, Illinois 60169. The charge I want to file against the foundation is fraud, falsifying documents, and possibly money laundering. I believe this foundation is fraudulently operated to steal the estate from the rightful heirs by claiming the heirs are in agreement to make this estate a non-profit organization by the administrator of the foundation.
> She fraudulently filed with the state of Illinois Office of the Secretary of State that I was one of the directors of the foundation. And that is an outright lie and a criminal offense. ...

Dkt. No. 3 at 2.

Not one of these allegations – nor any document attached to the complaint – reflects that the named defendant resides in Sherman, that a substantial part of the events or omissions giving rise to Hurt's claims occurred in Sherman, or that the named defendant is subject to personal jurisdiction in Sherman. *See* 28 U.S.C. § 1391.

The Court may not therefore transfer this action to Sherman under Section

1406(a). *Cf. Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) ("When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."); *Howmedica Osteonics Corp. v. DJO Global, Inc.*, Civ. A. No. 16-2330, 2017 WL 1136671, at *5 (D.N.J. Mar. 27, 2017) ("Because New Jersey is not a proper venue under any of the Section 1391(b) categories and transferring a case is the preferred remedy, the Court will transfer this matter to the Southern District of Indiana pursuant to Section 1406(a). A district court may transfer a case to a district in which it could have been brought. 28 U.S.C. § 1406(a). As noted, the Southern District of Indiana is a proper venue under Section 1391(b)(2). Moreover, the Southern District of Indiana clearly has personal jurisdiction over the Employee Defendants and Supernaw as there is no dispute that they live and work there. DJO also acknowledges that it is subject to *specific* personal jurisdiction in light of the allegations that it specifically targeted Stryker's Indiana sales representatives and business. In addition, all of the Defendants, including DJO, consent to transferring this case to the Southern District of Indiana." (citation and footnotes omitted; emphasis in original)).

**Recommendation**

The Court should deny Plaintiff Sterling Conley Hurt's motion to transfer venue to the Sherman Division of the Eastern District of Texas [Dkt. No. 7] and dismiss this action without prejudice under 28 U.S.C. § 1406(a) for the reasons stated in the findings of fact, conclusions of law, and recommendation entered July 22, 2019.

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

  DATED: July 25, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE